IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRY DEON NOBLE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-195-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Terry Deon Noble ("Petitioner"). For the following reasons, Petitioner's habeas application should be DENIED.

**I. PROCEDURAL HISTORY**

On September 30, 2015, Petitioner was charged by grand jury indictment in Potter County, Texas, under Cause No. 70311-E, with possession with intent to deliver methamphetamine in an amount of four grams or more but less than two hundred grams, in violation of Texas Health & Safety Code § 481.112. (ECF[1] 22-9 at 331).[2] The indictment included two enhancement paragraphs, the first one referencing Petitioner's conviction of the felony offense of unlawful possession of a controlled substance in Cause number F-0345559-S in the 282nd District Court of Dallas County, Texas, on August 22, 2003, and the second referencing his conviction of the felony offense of possession of a controlled substance in Cause No. 50,999-C in the 251st District Court

---

[1] The "ECF __" reference is to the number of the item on the docket in this civil action.

[2] The reference is to the page identification number ("PageID") reflected at the top right corner of the document.

of Potter County, Texas, on February 3, 2006. (*Id.*). Petitioner and his counsel signed a number of waivers and admonishments and Petitioner signed a judicial confession. (*Id.* at 358–65). The trial court found that the guilty plea was voluntary and accepted it. (ECF 22-12 at 423–40). Petitioner was sentenced to a term of imprisonment of 35 years. (ECF 22-9 at 367–68). Petitioner appealed and the Court of Appeals for the Seventh District affirmed the judgment. (ECF 22-3 at 249–58). The Court of Criminal Appeals refused the petition for discretionary review. (ECF 22-8 at 322). Petitioner's application for writ of habeas corpus was denied without written order. (ECF 22-15 at 451).

## II. <u>FACTUAL HISTORY</u>

The state intermediate appellate court summarized the facts of Petitioner's case as follows:

> At approximately 3:00 a.m. in downtown Amarillo with no traffic in the area, [Petitioner] was "revving his engine" while stopped at a traffic light in the lane next to Officer Michael Clay Rolan. Officer Rolan, who was in uniform, was driving an undercover vehicle while [Petitioner] was driving a red Ford Mustang. The officer testified that when the light turned green [Petitioner] "cram[med] the accelerator, burn[ed] the tires," and moved into the intersection as if attempting to race him. The officer activated the emergency lights of his vehicle and stopped [Petitioner] for exhibition of acceleration in violation of section 16-3-116(e) of the Amarillo Municipal Code. The stop resulted in a search of [Petitioner's] vehicle which lead to the discovery of 27.22 grams of a substance that contained methamphetamine. [Petitioner] was arrested without a warrant.
>
> [Petitioner] contested the stop in municipal court by filing a motion to quash on the basis that the ordinance was unconstitutionally vague. After his motion was denied, he was tried before a jury and found guilty of violating section 16-3-116(e) of the Amarillo Municipal Code. He appealed that verdict and his case was assigned to Potter County Court at Law Number Two.
>
> After his municipal court conviction but before his appeal to county court at law, [Petitioner] was indicted in Potter County for possession with intent to deliver methamphetamine in an amount of four grams or more but less than two hundred grams. After the appeal of his Municipal Court conviction was filed, he filed a written motion to suppress in district court, again citing the unconstitutional vagueness of section 16-3-116(e) as the basis for his motion.
>
> In his motion before the district court, [Petitioner] alleged the city ordinance was unconstitutionally vague for two reasons. First, he argued it failed to provide

sufficient notice to give a person of ordinary intelligence notice that his conduct was proscribed by law. Second, he maintained the ordinance did not provide sufficient notice to law enforcement personnel to prevent arbitrary and erratic enforcement. After hearing arguments, the trial court signed an order denying the motion to suppress. At the time of the district court's ruling, the county court at law had not determined [Petitioner's] appeal from the municipal court verdict. Per [Petitioner's] request, the district court entered *Findings of Fact and Conclusions of Law on [Petitioner's] Motion to Suppress*. Following denial of his motion to suppress, [Petitioner] subsequently entered into a plea bargain on the drug charge without a recommendation on punishment. He pleaded "guilty" to the possession offense and "true" to two prior felony enhancements. The trial court assessed his sentence at thirty-five years confinement.

(ECF 22-3 at 250–52) (footnote omitted).

### III. PETITIONER'S ALLEGATIONS

Petitioner urges four grounds in support of his petition, worded as follows:

**GROUND ONE:** Illegal search and seizure [no consent, no search warrant] in violation of the 4th and 14th [United States Constitution] amendment

**GROUND TWO:** Actual innocence, in violation of due process and the 14th United States Constitution amendment

(ECF 3 at 9).

**GROUND THREE:** Malicious prosecution, using poisoned fruit as evidence illegally obtained by officer misconduct, namely Officer Padron, in violation of the 14th and 4th, [United States Constitution] amendments

**GROUND FOUR:** Ineffective assistance of counsel [both] at trial and appeal as guaranteed by the 5th, 6th and 14th, [United States Constitution] amendments

(*Id.* at 10).

### IV. STANDARD OF REVIEW AND RULE 5 STATEMENT

Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002)(*en banc per curiam*)(focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

"When, as here, there is no reasoned state-court decision on the merits, the federal court

'must determine what arguments or theories . . . *could* have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.'" *Sexton v. Beaudreaux*, __ U.S. __, 138 S. Ct. 2555, 2558 (2018)(quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)) (emphasis added). If such a disagreement among jurists is possible, then the petitioner's claim must be denied. *Id.*

Whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining its reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing that there was *no reasonable basis* for the state court to deny relief." *Id.* (emphasis added). This is so whether or not the state court decision reveals which of the elements (in a multi-part claim) it found insufficient. *Id.* Section 2254(d) applies when a "claim," not a component of one, has been adjudicated. *Id.*

Even where the state court does not cite applicable Supreme Court precedent or is unaware of the precedent, deference is required so long as neither the reasoning nor the result of the state court decision contradicts Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002)(*per curiam*). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102. The standard was meant to be difficult to meet:

> § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.* at 102–03 (citations omitted).

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

<u>Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000)(*per curiam*).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where, as here, the state court adjudicated the ineffective assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*,

562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013)(quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Rule 5 Statement

Respondent acknowledges that petitioner has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1); (ECF 20 at 5–6).

## V. **MERITS**

Voluntariness of Plea

Under his fourth ground, alleging ineffective assistance of counsel, Petitioner argues that his plea was not knowing and voluntary because his counsel (1) failed to address Petitioner's mental disorder and (2) advised him to reject a 23-year plea bargain offer because he could get a better deal. (ECF 3 at 10; ECF 4 at 31–36). Any contention that Petitioner's plea was not a knowing, voluntary, and intelligent one is belied by the record. The written plea admonishments signed by Petitioner gave notice that, if convicted, he faced imprisonment "for life, or for any term of not more than 99 years or less than 25 years." (ECF 22-9 at 360). Under the heading "DEFENDANT'S STATEMENT ON ADMONISHMENTS," Petitioner acknowledged that he understood the admonishments and was aware of the consequences of his plea; that he was then mentally competent to stand trial and that he was sane at the time of the commission of the offense to which he pleaded guilty; that no one promised him anything to cause him to enter into the plea; and that his plea was freely, knowingly, and voluntarily entered. (*Id.* at 362). Petitioner also signed a judicial confession stating that he had read the indictment and that he committed the crime

charged. *Id.* at 364. The trial court found beyond a reasonable doubt that Petitioner's confession was true and freely, knowingly, and voluntarily entered. (*Id.* at 365). Petitioner testified under oath that: he had conferred with his counsel and had not had any difficulty communicating with him; he had "been diagnosed a manic aggressive bipolar and ADD," but there was no question that he was competent; and, he was pleading guilty because he was not getting any younger and something had to change. (ECF 22-12 at 423–37). He told the presiding judge that he was pleading guilty because he was guilty and not for any other reason; that he was "mentally okay today" and had been "mentally okay when [he] committed this offense." (*Id.* at 429). Further, he stated that he signed the various waivers and confession after consulting with his counsel; that he understood his rights; and, that everything contained in the indictment was true, including the allegations of the two prior felony convictions. (*Id.* at 429–30). The trial judge found that the plea was voluntary and accepted it. (*Id.* at 430).

Petitioner's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The documents he signed and other documents in the state court records are likewise entitled to the presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985). Here, there can be no question that Petitioner's plea was entered voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). He clearly understood the nature and substance of the charge against him and that he faced a term of imprisonment of at least 25 years and perhaps life, having been admonished both in writing and in open court. (ECF 22-9 at 360; ECF 22-12 at 428–29). Further, Petitioner was not coerced into pleading guilty. (ECF 22-9 at 362; ECF 22-12 at 429, 432–37). His

conclusory allegations to the contrary are insufficient to overcome the presumption. *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998).

Finally, the Court notes that Petitioner raised this same issue in his state court habeas petition. (ECF 22-17 at 468–69). His attorney filed an affidavit responding to the allegations. (ECF 22-17 at 564–66). The writ was denied and no other conclusion can be reached but that the state court made a credibility choice in favor of counsel and against Petitioner. The implied findings are presumptively correct and Petitioner has made no attempt to show otherwise.

Non-jurisdictional Defects

In his first ground, Petitioner complains that his car was illegally searched, and drugs seized without consent and without a search warrant, in violation of the 4th and 14th Amendments. (ECF 3 at 9). In his third ground, he complains of malicious prosecution based on the use of the allegedly illegally seized evidence. (*Id.* at 10). Each of these grounds was waived by Petitioner's guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000). Moreover, this Court does not have authority to review the state court's application of 4th Amendment principles unless Petitioner was denied a full and fair opportunity to litigate the claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976). The record reflects that he fully litigated his suppression motion. (*See, e.g.*, ECF 22-9 at 345, 354, 388–90; ECF 22-3 at 249–58; ECF 22-17 at 462–63, 473–77). He is not entitled to review here.

Actual Innocence

In his second ground, Petitioner maintains that he is actually innocent. (ECF 3 at 9). His argument is that the drugs were deeply wedged under the driver's seat; he did not know the drugs were there; but for the illegal search of the vehicle and seizure of the drugs, he would not have

been arrested or prosecuted; because the drugs were unconstitutionally seized, he is actually innocent. (ECF 4 at 21–24).

As Respondent notes, this ground was waived by Petitioner's guilty plea. (ECF 20 at 161); *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981)(*per curiam*). And, claims of actual innocence do not state a basis for federal habeas relief absent an independent constitutional violation. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Boyd v. Puckett*, 905 F.2d 895, 896–97 (5th Cir. 1990). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera*, 506 U.S. at 400. "Actual innocence means 'factual innocence and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999)(quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In order to establish actual innocence, a petitioner must demonstrate that, "in light of all of the evidence, including that alleged to have been illegally admitted," "it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623; *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995). Such a claim is extremely rare and "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 at 324. Petitioner does not cite any new evidence here. He merely wants the Court to reconsider his suppression motion and rule in his favor. Because he already had that opportunity in state court, federal habeas relief is not available. *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003).

Ineffective Assistance of Counsel

In his fourth ground, Petitioner alleges that he received ineffective assistance of counsel at trial and on appeal. (ECF 3 at 10). He says that his trial counsel (1) advised him to plead guilty

knowing of Petitioner's mental disorder; (2) failed to object or investigate the illegally obtained evidence; (3) failed to question or object to the illegal search and seizure; (4) used a frivolous defensive theory; (5) refused offers to address the issues of illegal search and seizure; (6) advised Petitioner to refuse a plea bargain for 23 years; and (7) failed to know or use any well-known law or defensive theory relating to "subject matter or mental illness defense." (ECF 4 at 31). He says that his appellate counsel "failed to expand the record or attack [trial counsel] as requested." (*Id.*). These are the same issues raised by Petitioner in his state habeas proceeding. (ECF 22-17 at 468–69, 488–511). His petition was denied. (ECF 22-15). He has not attempted to show, much less shown, that the state court's application of *Strickland* was unreasonable. *Harrington*, 562 U.S. at 101; *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003). Petitioner's trial counsel filed an affidavit addressing each of the allegations. (ECF 22-17 at 564–82). That the state court denied the petition must necessarily mean that it found counsel's affidavit persuasive. Appellate counsel was entitled to winnow out the weaker arguments and focus on those more likely to prevail. *Smith v. Murray*, 477 U.S. 527, 536 (1986). Again, the state court necessarily found that appellate counsel's conduct fell within the wide range of professionally competent assistance. Petitioner has not shown by clear and convincing evidence that any such factfinding was incorrect. 28 U.S.C. § 2254(e)(1).

Independently, since Petitioner's plea was knowing, voluntary, and intelligent, as discussed *supra*, he has waived the right to assert these challenges. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)(guilty plea waives claims of attorney error such as failure to review prosecutor's file, failure to investigate witnesses, and failure to investigate the legality of a petitioner's arrest).

And, in any event, Petitioner has not come forward with any evidence to rebut the applicable presumptions. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Without evidence in the record, Petitioner's bald assertions as to the conduct of his attorneys are not of any probative evidentiary value. *Miller*, 200 F.3d at 282; *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

## VI. RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for writ of habeas corpus filed by Petitioner, Terry Deon Noble, be DENIED.

## VII. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 21, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).